# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYQUAN RAY BROWN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF CLOVIS, et al.,<br><br>Defendants. | Case No. 1:19-cv-00465-LJO-SAB<br><br>SCREENING ORDER GRANTING PLAINTIFFS LEAVE TO EITHER FILE AN AMENDED COMPLAINT OR NOTICE OF INTENT TO PROCEED ON CLAIM FOUND TO BE COGNIZABLE<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

Rayquan Ray Brown and Lafrance Ray Brown (collectively "Plaintiffs") filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiffs' complaint, filed April 10, 2019. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis

proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen Plaintiffs' complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiffs' allegations in the complaint as true only for the purpose of the sua sponte screening requirement under 28 U.S.C. § 1915.

Plaintiffs are brothers and are African-American. They went to Martin's Bar or the

Saddleback Club[1] on January 12, 2018. Lafrance parked the car in the back parking lot and then went to the back of the line to enter the bar. A security guard at the bar created a line in which individuals could pay $20.00 and not have to wait to enter the bar. Lafrance went to the front of that line. Rayquan came from the rear of the building and walked up to the front of the line. A security guard asked Rayquan if he was trying to enter the bar from the back door. The security guard told Rayquan that he would not be allowed to enter the building and to leave and come back the following weekend.

Rayquan and the security guard began arguing and at that time the other security guard noticed a Clovis police officer driving down Clovis Avenue. The security officer ran into the street to flag down the officer to help with Rayquan. Lafrance was still waiting in line and Rayquan began to walk away from the bar. Sgt. Weibert got out of his car and rushed toward the parties. Lafrance put his hands up in the air and yelled repeatedly "it's not me, it's not me." Sgt. Weibert rushed toward Lafrance and attacked him, twisting his left arm. Officer Dronek also rushed up and attacked Lafrance, grabbing his right arm. Lafrance was slammed against a wall and the officers yelled for him to stop resisting and twisted his arms even harder, even though Lafrance was not resisting.

Rayquan was walking away because he figured the security guards would inform the officers that it was not Lafrance who had been involved in the incident. Lafrance was placed in handcuffs and put in the back of the patrol car. The officers left Lafrance in the patrol car for at least twenty minutes. Lafrance asked Officer Droneck why he was being arrested and Officer Dronek stated he did not know. Lafrance saw the security guards talking to the officers pointing to Rayquan who had been involved in the incident. As he was in the patrol car, Lafrance saw the officers arrest Rayquan and a man named Green who had been in line with Lafrance waiting to enter the bar.

As Lafrance waited in the patrol car, the officers and security guard went into the bar and removed all the other people that Rayquan came with and made them leave the bar. The security

---

[1] If Plaintiffs choose to file an amended complaint, they need to clarify where the incident alleged occurred.

3

guard followed Rayquan off the property and when the officers caught up with him Rayquan was grabbed by the back of the neck and thrown to the ground. The security guard started choking Rayquan and told the officer to "get him before I hurt him."

Rayquan was charged. At his preliminary hearing, the Clovis Police Department admitted that there was body cam footage that had been deleted and they did not know how it had been deleted. The District Attorney dismissed the charges against Lafrance stating that he did nothing wrong and Rayquan pled guilty to a misdemeanor.

Plaintiffs bring this action against Sgt. Weibert, Officer N. Mason, Officer C. Taliaferro, Corporal S. Borsch, Officer M. Bradford, Officer E. Roehlk, Officer E. Taifane, Officer A. French who are employed by the Clovis Police Department and Officer Droneck who was the arresting officer. Plaintiffs allege that they were subjected to an unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments and that they were falsely arrested and other defendants failed to intervene and did not arrest the security guard for the threat he made in the officer's presence.

Plaintiffs' allege that the City of Clovis is aware that a disturbing number of their police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens for with no basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report obviously illegal activity by their fellow officers through lawsuits, notices of complaints, complaints filed with the Civil Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law.

Plaintiffs allege that the defendants had an agreement to attempt to coverup the assault committed against other officers and conspired to cover up threats that were made by the security guard toward Rayquan. In the recording which was played in court it could be heard that the security guard stated, "you better get him before I hurt him," but part of the video got mysteriously deleted. Plaintiffs allege that the officers tried to cover up what really happened by deleting the body cam footage.

Plaintiffs alleged that the City of Clovis was negligent in the hiring and retention of officers. The City knew or should have known that the officers were potentially dangerous and

had previously falsely arrested civilians without probable cause. Plaintiffs seek monetary damages.

## III.

## DISCUSSION

### A. Section 1983

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185. There is no *respondeat superior* liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. To state a claim against a defendant, the plaintiff must demonstrate that the defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. In other words, the plaintiff must link named defendant to the conduct that is alleged to violate the plaintiff's federal rights.

Further, a local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).

Plaintiffs bring this action against Officers N. Mason, C. Taliaferro, M. Bradford, E. Roehlk, E. Taifane, and A. French, and Corporal S. Borsch; however, the complaint is devoid of factual allegations that any of these officers were involved in the incident alleged. Plaintiffs allegations that these individuals worked for the City of Clovis as police officers is insufficient to state a claim. Plaintiffs have failed to state a cognizable claim against Officers Mason,

Taliaferro, Bradford, Roehlk, Taifane, French or Corporal Borsch.

**B.      First Cause of Action**

Plaintiffs first cause of action alleges an unreasonable search and seizure under the Fourth Amendment and violations of due process under the Fourteenth Amendment.

1.      Fourth Amendment

The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. U.S. Const. amend. IV. "[T]he Fourth Amendment is enforceable against the States through the Fourteenth Amendment." Camara v. Mun. Court of City & Cty. of San Francisco, 387 U.S. 523, 528 (1967). "To establish a viable Fourth Amendment claim, a plaintiff must show not only that there was a search and seizure as contemplated by the Fourth Amendment, but also that said search and seizure was unreasonable and conducted without consent." Rakas v. Illinois, 439 U.S. 128, 143 (1978); United States v. Rubio, 727 F.2d 786, 796–97 (9th Cir. 1983).

a.      Plaintiff Lafrance

Plaintiff Lafrance alleges that he was standing in line at the bar and was not involved in the dispute for which the security guards sought the assistance of the officers. Although he raised his hands and yelled it was not him that was involved, the officers attacked him, handcuffed him, and placed him in a patrol car. Plaintiff has alleged sufficient facts to state a cognizable claim for unreasonable seizure in violation of the Fourth Amendment.

In evaluating whether the police had probable cause to make an arrest, the court considers "the nature and trustworthiness of the evidence of criminal conduct available to the police. Police have probable cause to arrest where 'the facts and circumstances within their knowledge and of which they[have] reasonably trustworthy information [are] sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.' " Beier v. City of Lewiston, 354 F.3d 1058, 1064 (9th Cir. 2004) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)). Lack of probable cause is an essential to demonstrating that the plaintiff's Fourth Amendment rights were violated by unlawful arrest. Beck v. City of Upland, 527 F.3d 853, 864 (9th Cir. 2008).

Plaintiff Lafrance alleges that despite not being involved in the incident, he was handcuffed and placed in the back of a police car for at least twenty minutes. When he asked Defendant Droneck why he had been arrested, Defendant Droneck replied he did not know and would find out. Plaintiff Lafrance was charged, but the district attorney dismissed the charges against him. At the pleading stage, Defendant Lafrance has stated a claim against Defendants Weibert and Droneck for unreasonable seizure and false arrest in violation of the Fourth Amendment.

b. Plaintiff Rayquan

Plaintiff Rayquan admits that he was the individual who was involved in the dispute with the security guard and that when the officers arrived he left the area. While somewhat unclear, it appears that one of the security guards followed him and some type of struggle occurred at the time the officers became involved. Plaintiff Rayquan has failed to allege any facts by which the Court can reasonably infer that the officers seizure of him was unreasonable in the circumstances. At the time that the officers responded, Plaintiff was attempting to flee the area and had been stopped by the security guard and some type of struggle was ensuing. The allegation that the officers grabbed Plaintiff Rayquan by the back of the neck and took him to the ground is insufficient to state a claim for unreasonable seizure in violation of the Fourth Amendment given the factual allegations in the complaint.

Plaintiff Rayquan also seeks to bring a false arrest claim based on the incidents alleged. However, Plaintiff Rayquan has pled guilty to the charges brought against him due to the incidents alleged. When seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 488.

Since Plaintiff Raquan has been convicted, a finding that the officers lacked probable

cause to arrest him would necessarily imply the invalidity of his conviction. Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998). Therefore, it appears that Plaintiff Rayquan's claims that he was falsely arrested based on the incidents alleged here are not cognizable in a section 1983 action and must be brought by a writ of habeas corpus. If Plaintiff Rayquan seeks to pursue this claim in an amended complaint, he must allege facts as to the why he was arrested, the crimes that he was charged with and that he pled guilty to in the state court proceedings.

2. Fourteenth Amendment Due Process

Plaintiffs allege that their due process rights have been violated. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 569–70 (1972).

Here, Plaintiffs have not stated any facts that would implicate a property or liberty interest to invoke the protections of the Fourteenth Amendment. "[W]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted) overruled on other grounds by Unitherm Food Systems, Inc. V. Swift –Eckrick, Inc., 546 U.S. 394 (2006); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). To the extent that Plaintiffs allege violations due to an unreasonable search and seizure, such claims are encompassed by the Fourth Amendment.

Plaintiffs allege that the officers did not arrest the security guard for making threats against Plaintiff Rayquan. The factual allegations in the complaint demonstrate that Plaintiff Rayquan was involved in an altercation with the security guard at the bar and the police were

summoned to assist. When the police arrived, Plaintiff Rayquan left the scene and was followed and detained by the security guard. As the police arrived some type of struggle was ensuing between Plaintiff Rayquan and the security guard, the security guard was choking him, and the security guard told the officers to get Plaintiff Rayquan before the security guard hurt him. Plaintiff Rayquan contends that the statement was a threat, but even if it was construed to be so there is no constitutional right to have another person arrested. Hays v. Transportation Sec. Admin., No. CV 11-3198-DMG PJW, 2014 WL 3661493, at *7 (C.D. Cal. Jan. 30, 2014), report and recommendation adopted, No. CV 11-3198-DMG PJW, 2014 WL 3661498 (C.D. Cal. July 22, 2014); see also Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 768–69 (2005) (holding "benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its substantive manifestations") (internal quotations omitted); Meyers v. Redwood City, 400 F.3d 765, 772 (9th Cir.2005) (noting "California law gives the officer the choice of making the citizen's arrest or not. . . .").

Plaintiffs allege that officers filed a false police report. But, the Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations but guarantees certain procedural protections to defend against false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986).

Finally, Plaintiffs contend that part of the body cam footage was deleted. In order for the destruction of evidence claim to rise to the level of a constitutional violation, "[the] evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." California v. Trombetta, 467 U.S. 479, 489 (1984). Destruction of evidence that is material to guilt or innocence can violate due process, irrespective of good or bad faith. Arizona v. Youngblood, 488 U.S. 51, 55 (1988). But where the evidence that was destroyed is only potentially exculpatory, as opposed to clearly exculpatory at the time of destruction, the party bringing the constitutional claim must show bad faith on the part of the police. Youngblood, 488 U.S. at 58. The body cam footage here is not clearly exculpatory as it

1 recorded incidents after the alleged crime had been completed, therefore it had little to no exculpatory value. Puccetti v. Spencer, 476 F. App'x 658, 661 (9th Cir. 2011).[2]  Accordingly, the unexplained destruction of the body cam footage is not sufficient to allege a constitutional claim.

Plaintiffs have failed to allege any facts to state a cognizable due process claim.

**C.   Second Cause of Action**

Plaintiffs' second cause of action alleges municipal and supervisory liability against the City of Clovis.

1. <u>Supervisory Liability</u>

Plaintiff's claim for supervisory liability against the City is not cognizable under section 1983. "Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citation and internal quotation marks omitted); Iqbal, 556 U.S. at 676. "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Crowley, 734 F.3d at 977 (citation and internal quotation marks omitted). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Id.

2. <u>Municipal Liability</u>

Plaintiffs allege that the City of Clovis is liable because they have been alerted to the regular use of excessive force and false arrests by police officers and have been deliberately indifferent to the plaintiffs' constitutional rights.

A municipality can only be held liable for injuries caused by the execution of its policy or custom or by those whose edicts or acts may fairly be said to represent official policy. Monell, 436 U.S. at 694. Generally, to establish municipal liability, the plaintiff must show that a

---

[2] Unpublished dispositions and orders of the Ninth Circuit issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1. Ninth Circuit Rule 36-3(b).

constitutional right was violated, the municipality had a policy, that policy was deliberately indifferent to plaintiff's constitutional rights, and the policy was "the moving force" behind the constitutional violation. Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 400 (1997); Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185-86 (9th Cir. 2002). "The custom or policy must be a 'deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.' " Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1075 (9th Cir. 2016) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986)). The deliberate indifference standard for municipalities is an objective inquiry. Castro, 833 F.3d at 1076.

"A plaintiff may []establish municipal liability by demonstrating that (1) the constitutional tort was the result of a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity;' (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.' " Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & County of San Francisco, 308 F.3d 968, 984–85 (9th Cir.2002)).

A plaintiff seeking to impose liability upon a municipality is required to identify the policy or custom that caused the constitutional injury. Bd. of Cty. Comm'rs of Bryan Cty., Okl., 520 U.S. at 403. A municipality may only be held liable for those deprivations that result "from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." Id. at 403–04. "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Id. at 404.

Here, Plaintiffs allege that there this was not an isolated incident, but they have alleged no facts to support the allegation. Plaintiffs have merely set forth a single incident in which they are alleging an unconstitutional search and seizure by a law enforcement officer. "A plaintiff

11

cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." Davis v. City of Ellensburg, 869 F.2d 1230, 1233 (9th Cir. 1989). Plaintiffs have failed to state a plausible claim based on a custom or policy.

Plaintiffs have failed to allege any facts to state a Monell claim in this action.

### D. Third Cause of Action

Plaintiffs third cause of action alleges a conspiracy to cover up the assault committed against other officers and the threats made by the security guard.

To state a conspiracy claim under section 1983, a plaintiff must plead "(1) the existence of an express or implied agreement among the [defendants] to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement." Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010) (quoting Avalos v. Baca, 517 F.Supp.2d 1156, 1169 (C.D. Cal. 2007), and Ting v. United States, 927 F.2d 1504, 1512 (9th Cir.1991)). Further to prove a conspiracy claim the facts must show a meeting of the minds to violate to violate the plaintiff's constitutional rights. Miller v. California, 355 F.3d 1172, 1177 n.3 (9th Cir. 2004); Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1301 (9th Cir. 1999); Woodrum v. Woodward Cty., Okl., 866 F.2d 1121, 1126 (9th Cir. 1989). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin v. Fox, 312 F.3d 423, 441 (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989)).

Here, Plaintiffs have failed to allege any facts that there was a meeting of the minds to violate their constitutional rights. Plaintiffs allege that officers tried to cover up what happened by deleting the body cam footage, but even if such footage was deliberately deleted there are no facts alleged to infer that any defendants conspired to do so. Plaintiffs' allegations are purely conclusory and speculative.

Further, Plaintiffs allege that there was a conspiracy to cover up the threats that the security guard made, but then allege that those same threats could be heard on the video footage. Such allegations that the video footage included the threats made is contrary to the existence of

such a conspiracy. Plaintiffs' have not alleged any facts by which the Court could reasonably infer that a conspiracy existed to violate their constitutional rights. Iqbal, 556 U.S. at 678.

### E. Fourth Cause of Action

Plaintiffs' fourth cause of action alleged that the City was negligent in hiring and retaining the officers. Plaintiffs contend that the City knew or should have known that the officer defendants were potentially dangerous and had previously falsely arrested citizens without probable cause.

The California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; Bodde, 32 Cal.4th at 1244. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." Id. at 1239. Here, Plaintiffs have alleged that they submitted a claim.

Under California law, "[t]he elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate cause between the breach and (4) the plaintiff's injury." Mendoza v. City of Los Angeles, 66 Cal.App.4th 1333, 1339, 78 Cal.Rptr.2d 525, 528 (1998). An employer can be liable to a third person for negligent hiring and supervision of an employee where the facts that the employer knew or should have known created a particular risk or hazard and that particular harm materializes. Doe v. Capital Cities, 50 Cal.App.4th 1038 (1996).

Plaintiffs' complaint sets forth conclusory statements and the elements of a cause of action, but there are no supporting facts alleged to infer that the City knew or should have known that any named defendant had previously arrested individuals without probable cause.

13

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a cognizable claim. Iqbal, 556 U.S. at 678. Plaintiffs have failed to state a claim for negligent hiring or retention against the City of Clovis.

### F. Leave to Amend

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Plaintiffs shall be granted leave to file an amended complaint to correct the deficiencies identified in this order.

If Plaintiffs are seeking to raise claims other than those that have been specifically addressed in this order they need to set them forth in an individual cause of action. Fed. R. Civ. P. 10(b). The Court will only consider those specific causes of actions that are identified in a cause of action. Further, Plaintiffs need to set forth the factual basis for the cause of action. The complaint must provide sufficient factual information to give the defendant fair notice of the claim and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated on other grounds by Twombly, 550 U.S. 544. Further, Plaintiffs are advised that conclusory allegations of misconduct and the elements of a cause of action are not entitled to a presumption of truth and will not state a cognizable claim. Plaintiffs must provide factual allegations sufficient to raise an inference that each named defendant is liable for the conduct alleged.

## V.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff Lafrance Brown has stated a claim against Defendants Weibert and Droneck for unreasonable seizure and false arrest in violation of the Fourth Amendment. However, the complaint does not state any other cognizable claims. The Court will grant Plaintiffs an opportunity to cure the identified deficiencies which Plaintiffs believe in good faith, are curable. Lopez, 203 F.3d at 1130. If Plaintiffs choose to amend their complaint, they may not change the nature of this suit by adding new, unrelated claims in the first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiffs do not wish to file an amended complaint and they are agreeable to proceeding only on the cognizable claim identified by the Court, they may file a notice informing

the Court that they do not intend to amend and are willing to proceed only on Plaintiff Lafrance Brown's claim against Defendants Weibert and Droneck. The Court will then recommend to a district judge that this case only proceed on that claim for the reasons discussed above.

If Plaintiffs choose to file an amended complaint, that complaint should be brief, Fed. R. Civ. P. 8(a), but it must also state what each named defendant did that led to the deprivation of Plaintiffs' constitutional rights, <u>Iqbal</u>, 556 U.S. at 678-89. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations admitted).

An amended complaint supersedes all prior complaints. <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 927 (9th Cir. 2012). Absent prior court approval, the amended pleading must be complete in itself without reference to any prior pleading. Local Rule 220. Finally, any amended complaint is limited to 25 pages in length. An amended complaint which exceeds this limit will be stricken.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiffs shall file either:

    a. an amended complaint, limited to 25 pages in length, or

    b. a notice of intent to proceed upon the cognizable claim identified in this order; and,

2. <u>Plaintiffs are warned that if they fail to comply with this order, the Court will recommend to the district judge that this action be dismissed for the failure to prosecute and the failure to comply with a court order.</u>

IT IS SO ORDERED.

Dated: **July 17, 2019**

UNITED STATES MAGISTRATE JUDGE