## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYQUAN RAY BROWN, et al., | Case No. 1:19-cv-00465-LJO-SAB |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY |
| v. | |
| THE CITY OF CLOVIS, et al., | |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

Rayquan Ray Brown and Lafrance Ray Brown (collectively "Plaintiffs") filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.**

**PROCEDURAL HISTORY**

On April 10, 2019, Plaintiffs filed the complaint in this action. (ECF No. 1.) Along with the complaint, Plaintiff Rayquan Ray Brown filed a motion to proceed *in forma pauperis*. (ECF No. 2.) On April 15, 2019, an order issued requiring Plaintiff Lafrance Brown to either pay the filing fee or file a motion to proceed *in forma pauperis* in this action. (ECF No. 3.) On May 1, 2019 and May 3, 2019, the orders sent to Plaintiffs were both returned as undeliverable.

On May 20, 2019, an order issued requiring Lafrance Brown to show cause why he should not be dismissed from this action for the failure to comply with the April 15, 2019 order.

(ECF No. 4.) On June 3, 2019, the order sent to Lafrance Brown was returned as undeliverable. On June 10, 2019, Lafrance Brown filed a notice of change of address. (ECF Nos. 5, 6.) On June 12, 2019, the order to show cause was discharged and Lafrance Brown filed a motion to proceed *in forma pauperis* on June 27, 2019. (ECF No. 8.) On July 1, 2019, an order issued finding that Lafrance Brown had not adequately completed the motion to proceed *in forma pauperis* and he was ordered to file a long form application. (ECF No. 9.) On July 16, 2019, Lafrance Brown filed a long form application to proceed without prepayment of fees. (ECF No. 10.) On July 17, 2019, an order issued granting Lafrance Brown's motion to proceed *in forma pauperis*. (ECF No. 11.)

On July 18, 2019, a screening order was filed and Plaintiffs were ordered to either file an amended complaint or notify the Court that they were willing to proceed on the claims found to be cognizable within thirty days. (ECF No. 12.) On August 21, 2019, the order mailed to Rayquan Brown was returned as undeliverable. More than thirty days have passed and Plaintiffs have not filed an amended complaint or notice to proceed or otherwise responded to the Court's July 18, 2019 order.

## II.

## LEGAL STANDARD

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

## III.

## DISCUSSION

### A. Plaintiffs' Failure to Comply with Court Orders and the Local Rules

In this instance, the Court finds that dismissal of this action is warranted on two separate grounds. First, Plaintiffs were ordered to file an amended complaint or notify the Court that they

were willing to proceed on the claims found to be cognizable within thirty days of the July 18, 2019 order. More than thirty days have passed and Plaintiffs have not filed an amended complaint, a notice of intent to proceed on the cognizable claims or otherwise responded to the Court's order. Although Plaintiff Rayquan Brown's mail has been returned as undeliverable, Rule 182(f) provides that

> Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective.

Therefore, service of the order on the current address of record is fully effective and Plaintiffs' failure to comply with the order is grounds for dismissal of this action.

Second, pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty-three days have passed since Plaintiff Rayquan Brown's mail was first returned, and he has not notified the Court of a current address. The Court is unable to contact Rayquan Brown and there are no other reasonable alternatives available to address Plaintiff's failure to comply with the Local Rule. Therefore, Rayquan Brown's claims in this action should be dismissed for failure to prosecute.

**B.    The Factors Weigh in Favor of Dismissal**

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised

of address); <u>Malone v. United States Postal Serv.</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" <u>Carey</u>, 856 F.2d at 1440 (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d at 1226. Plaintiffs were ordered to file an amended complaint or notify the Court they were willing to proceed on the cognizable claims within thirty days of July 17, 2019. Plaintiffs have neither filed an amended complaint, notified the Court of their intent to proceed on the cognizable claims, nor otherwise responded to the Court's order.

Further, pursuant to the Local Rules Rayquan Brown was required to keep the Court updated with his most recent address. It has been more than sixty-three days since Rayquan Brown's mail was returned as undeliverable and he has not provided the Clerk with an updated address. Therefore, there is no current address at which to contact Rayquan Brown. Rayquan Brown and Lafrance Brown's failure to comply with the orders of the Court and the Local Rules hinders the Court's ability to move this action towards disposition, and indicates that Plaintiffs do not intend to diligently litigate this action.

Since it appears that Plaintiffs do not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiffs' responsibility to move this action forward. This action can proceed no further without Plaintiffs' cooperation and compliance with the order at issue and the Local Rules. This action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiffs' failure to comply with the Court's orders and Local Rules.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's July 18, 2019 order requiring Plaintiffs to file an amended complaint or notify the Court of their intent to proceed on the cognizable claims expressly stated: "Plaintiffs are warned that if they fail to comply with this order, the Court will recommend to the district judge that this action be dismissed for the failure to prosecute and the failure to comply with a court order." (ECF No. 12 at 15 (emphasis in original).) Thus, Plaintiffs had adequate warning that dismissal would result from their noncompliance with the Court's order.

## IV.

## CONCLUSION AND RECOMMENDATION

In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned mail. Given the Court's inability to communicate with Plaintiff Rayquan Brown dismissal of his claims in this action is warranted and there are no other reasonable alternatives available. See Carey, 856 F.2d at 1441.

Further, Plaintiffs have failed to comply with the Court's order to file an amended complaint or notify the Court of their intent to proceed on the claims found to be cognizable in the July 18, 2019 order. Local Rule 110 provides for sanctions for the failure to comply.

In considering the factors to determine if this action should be dismissed, the factors to be considered weigh in favor of dismissal of this action.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE for Plaintiffs' failure to comply with orders of the court and failure to

1 | prosecute.

2 |     This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiffs may file written objections to this findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**August 27, 2019**__

UNITED STATES MAGISTRATE JUDGE